1 | Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock, Esq. (#205567)
2 | Katzenbach and Khtikian
1714 Stockton Street, Suite 300
3 | San Francisco, California 94133-2930
(415) 834-1778; FAX (415) 834-1842
4 | Attorneys for PLAINTIFFS

5 |
Carlos E. Sosa, Esq. (#94387)
6 | Larry D. Stratton, Esq. (#116955)
Law Offices of Hausman & Sosa, LLP
7 | 18757 Burbank Boulevard, Suite 305
Tarzana, CA 91356-6329
8 | (818) 654-9000; FAX (818) 654-9050
Attorneys for Defendant
9 | INDEMNITY COMPANY OF CALIFORNIA

10 |

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 |

14 | BRICKLAYERS AND ALLIED CRAFTWORKERS ) Case No. 08-05448 MEJ
LOCAL UNION NO. 3, AFL-CIO; )
15 | TRUSTEES OF THE NORTHERN CALIFORNIA ) JOINT CASE MANAGEMENT
TILE INDUSTRY PENSION TRUST; TRUSTEES ) CONFERENCE STATEMENT
16 | OF THE NORTHERN CALIFORNIA TILE ) AND [PROPOSED] ORDER
INDUSTRY HEALTH AND WELFARE TRUST FUND;)
17 | TRUSTEES OF THE BAC LOCAL NO. 19 ) Date: March 12, 2009
APPRENTICESHIP AND TRAINING TRUST ) Time: 10:00 a.m.
18 | FUND; TILE INDUSTRY PROMOTION FUND ) Dept.: Ctrm. B,
OF NORTHERN CALIFORNIA, INC., a ) 15th Floor
19 | not-for-profit California corporation; ) US District Court
TILE EMPLOYERS CONTRACT ADMINISTRATION ) 450 Golden Gate
20 | FUND; TRUSTEES OF THE INTERNATIONAL ) Ave.
UNION OF BRICKLAYERS AND ALLIED ) San Francisco, CA
21 | CRAFTWORKERS PENSION FUND, ) Judge: The Honorable
) Maria-Elena James
22 | Plaintiffs, )
)
23 | vs. )
)
24 | LOZANO TILE, INC., a California )
corporation; INDEMNITY COMPANY OF )
25 | CALIFORNIA, a California corporation, )
)
26 | Defendants. )
_____)
27 |
Pursuant to this Court's Civil Local Rule 16-9, the Parties
28 |
submit this separate Case Management Statement And Proposed

1  Order.

2      For the reasons set forth below in Section C of this
3  Statement, in order to allow time to settle this matter,
4  Plaintiffs request the Court to set a second case management
5  conference in a period of approximately ninety (90) days and to
6  refrain at this time from setting any dates with respect to
7  discovery, dispositive motions, pre-trial and trial dates.

8  **A.    <u>JURISDICTION AND SERVICE.</u>**

9      <u>     </u>This is an action to collect unpaid contributions to multi
10  employer benefit plans pursuant to the terms of each plan, its
11  respective trust agreement and a collective bargaining agreement
12  and to compel compliance with the audit requirements set forth in
13  a collective bargaining agreement and in related trust agreements
14  pursuant to 29 U.S.C. Section 185.  Jurisdiction of this action
15  is conferred on this Court by the provision of the Employee
16  Retirement Income Security Act of 1074, 29 U.S.C. Sections
17  1132(a), (e), and (f) and 1145 and by the provisions of 28 U.S.C.
18  Section 1331(a).

19      Defendants LOZANO TILE, INC. and INDEMNITY COMPANY OF
20  CALIFORNIA have been served.

21  **B.    <u>STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION</u>**

22      Defendant LOZANO TILE, INC. (hereinafter, "LOZANO") executed
23  a signature page for independent tile contractors pursuant to
24  which LOZANO agreed to abide by and to be bound by the collective
25  bargaining agreement by and between the Tile Contractors
26  Association of Northern California, Inc. and Plaintiff
27  BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 3, AFL-CIO
28  (hereinafter "Bricklayers Local Union No. 3") and its associated

1    trust agreements.

2         Pursuant to the terms of the Agreement, LOZANO agreed to pay
3    certain wages and fringe benefits for all hours worked in the 46
4    Northern California Counties within the Union's geographic
5    jurisdiction by persons employed by LOZANO as tile setters and
6    tile layers.  LOZANO further agreed to allow Plaintiffs to review
7    and audit LOZANO's payroll and other relevant records for the
8    purposes of ascertaining whether certain wages and fringe
9    benefits have all been paid as required by the collective
10   bargaining agreement. The collective bargaining agreement and
11   associated trust agreements further provide that if a signatory
12   employer fails to allow a payroll audit, the employer shall
13   become liable for all costs incurred by the Trusts in securing
14   the audit, including attorneys' fees.

15        LOZANO failed to submit an audit requested by Plaintiffs for
16   the period from January 1, 2005 through the date of the audit.
17   LOZANO also failed to pay wages and fringe benefits owed for work
18   performed during the period from June 1, 2008 to the present.

19   **C. PROCEDURAL HISTORY**

20        On December 8, 2008, Plaintiffs filed the Complaint.

21        On December 15, 2008, the Complaint was served on defendant
22   INDEMNITY COMPANY OF CALIFORNIA ("INDEMNITY COMPANY").

23        On December 16, 2008, the Complaint was served on defendant
24   LOZANO.  LOZANO has not filed an answer or otherwise appeared in
25   this matter.

26        On February 17, 2009 defendant INDEMNITY COMPANY filed its
27   Answer to the Complaint.

28

1     Plaintiffs have reached settlement with INDEMNITY COMPANY

2 who has agreed to pay on the contractor's license bond. The

3 parties expect to finalize payment on the bond and execute any

4 settlement agreement within the next two weeks.

5     Since the filing and service of the Complaint, LOZANO has

6 made an initial payment for hours worked during June 2008 and has

7 provided additional documents required to complete the audit.

8 LOZANO has agreed to provide additional documents necessary to

9 complete the audit by March 13, 2009.  In addition, LOZANO has

10 requested a payment plan in order to settle the amounts due

11 pursuant to this suit.  The parties are currently negotiating a

12 mutually agreeable payment plan.

13     Plaintiffs expect to settle this matter within thirty (30)

14 days from the date of the Case Management Conference and to file

15 a dismissal with forty-five (45) days.

16     In order to allow time to settle this matter, Plaintiffs

17 request the Court to set a second case management conference in a

18 period of approximately ninety (90) days and to refrain at this

19 time from setting any dates with respect to discovery,

20 dispositive motions, pre-trial and trial dates.

21     **1. The principal factual issues that the parties dispute**

22 **are:**

23     a.  What is the total number of hours which LOZANO

24 employed persons, who performed work covered under the collective

25 bargaining agreement with the Union, from approximately January

26 1, 2005 through the present?

27     b. What is the total number of hours worked by the

28 persons described in subparagraph 1(a) and the total amount owed

to plaintiff trust funds for hours worked in the jurisdiction of the collective bargaining agreement from approximately January 1, 2005 through the present?

This is intended by the parties to provide only a summary of the principal contested factual issues.  Additional contested factual issues may exist and such issues are not waived by plaintiffs.

**2. The principal legal issues that the parties dispute are:**

None.

**D. ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff and defendant INDEMNITY COMPANY are agreeable to mediation.

**The parties make the following additional suggestions concerning settlement:**

None.

**The Court hereby orders:**

**E. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Plaintiffs and defendant INDEMNITY COMPANY consent to trial presided by a Magistrate Judge.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

**F. DISCLOSURES**

**The parties certify that they have made the following disclosures:** None. The parties expect to settle this matter within the next 30 days.

**1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

**a. Disclosed by Plaintiffs:**

2. **Categories of documents disclosed under FRCivP Rule 26(a)(1)
or produced through informal discovery:**

      **a. Categories of documents disclosed by Plaintiffs:**

**3. Each party who claims an entitlement to damages or an offset
sets forth the following preliminary computation of the damages
or of the offset:**

      Plaintiffs are entitled to attorneys' fees and other
costs of collection incurred in compelling the audit in an amount
according to proof.

    **4.  All insurance policies as defined by FRCivP 26(a)(1)(D)
have been disclosed as follows:**

      None disclosed.

    **5. The parties will disclose the following additional
information by the date listed:**

      Not required at this time.

    **6. Disclosures as required by FRCivP 26(e) will be
supplemented at the following intervals:**

      Every 30 days commencing July 1, 2008 if supplemental
information is discovered.

**G. EARLY FILING OF MOTIONS**

    **The following motions expected to have a significant effect
either on the scope of discovery or other aspects of the
litigation shall be heard by the date specified below:**

    No date at this time.

**H. DISCOVERY**

    **1.  Parties have conducted or have underway the following
discovery:**

      None.

1    **2. Plaintiffs propose the following discovery plan:**

2    No dates at this time.

3    **3. Limitations on discovery tools in accordance with this**

4  **Court's Supplemental Order to Order Setting Case Management**

5  **Conference.**

6    **a. depositions (excluding experts) by:**

7        **plaintiffs:** no limit    **defendant:** no limit

8    **b. interrogatories served by:**

9      **plaintiffs:**  25 on each defendant

10      **defendant:**  25 on plaintiffs

11    **c. document production requests served by:**

12      **plaintiffs:**  no limit    **defendant:** no limit

13    **d. requests for admission served by:**

14      **plaintiffs:**  no limit    **defendant:** no limit

15    **4.  Plaintiffs propose the following limitations on the**

16  **subject matter of discovery:**

17    All matters relevant to or calculated to lead to the

18    discovery of evidence relevant to the issues raised by the

19    complaint and defendants' answers to the complaint.

20    **5. Discovery from experts.  Plaintiffs plan to offer expert**

21  **testimony as to the following subject matters:**

22    None planned at this time.

23    **6. The Court orders the following additional limitations on**

24  **the subject matter of discovery:**

25    **7. Deadlines for disclosure of witnesses and completion of**

26  **discovery:**

27    No dates at this time.

28  **I. PRETRIAL AND TRIAL SCHEDULE**

1      **1. Trial date:** No date at this time.

2      **2. Anticipated length of trial (number of days):** 1 to 2.

3      **3. Type of trial:** Court.

4      **4. Final pretrial conference date:**

5      **5. Date required for filing the joint pretrial conference**
6 **statement and proposed pretrial order required by Civ.L.R. 16-**
7 **10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10)**
8 **and such other materials as may be required by the assigned**
9 **judge:**

10     **6. Date for filing objections under Civ.L.R. 16-10(b)(11)**
11 **(objections to exhibits or testimony):**

12

13     **7. Deadline to hear motions directed to the merits of all or**
14 **part of the case:** No date at this time.

15 **I. Date of next case management conference:** June 5, 2009.

16 **J. OTHER MATTERS**

17

18 **K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

19 /S/Kimberly A. Hancock         Date: March 5, 2009
     Kimberly A. Hancock, Esq.
20 Katzenbach and Khtikian
     1714 Stockton Street, Suite 300
21 San Francisco, California  94133-2930
     (415) 834-1778; FAX (415) 834-1842
22 Attorneys for Plaintiffs

23

24
                           Date: March 5, 2009
25 Larry D. Stratton, Esq.
     Law Offices of Hausman & Sosa, LLP
26 18757 Burbank Boulevard, Suite 305
     Tarzana, CA 91356-6329
27 (818) 654-9000; FAX (818) 654-9050
     Attorneys for Defendant
28 INDEMNITY COMPANY OF CALIFORNIA

1       **1. Trial date:** No date at this time.

2       **2. Anticipated length of trial (number of days):** 1 to 2.

3       **3. Type of trial:** Court.

4       **4. Final pretrial conference date:**

5       **5. Date required for filing the joint pretrial conference**

6   **statement and proposed pretrial order required by Civ.L.R. 16-**

7   **10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10)**

8   **and such other materials as may be required by the assigned**

9   **judge:**

10      **6. Date for filing objections under Civ.L.R. 16-10(b)(11)**

11  **(objections to exhibits or testimony):**

12

13      **7. Deadline to hear motions directed to the merits of all or**

14  **part of the case:** No date at this time.

15  **I. Date of next case management conference:** June 5, 2009.

16  **J. OTHER MATTERS**

17

18  **K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

19  /S/Kimberly A. Hancock       Date: March 5, 2009
    Kimberly A. Hancock, Esq.

20  Katzenbach and Khtikian
    1714 Stockton Street, Suite 300

21  San Francisco, California 94133-2930
    (415) 834-1778; FAX (415) 834-1842

22  Attorneys for Plaintiffs

23

24      Date: March 5, 2009

25  Larry D. Stratton, Esq.
    Law Offices of Hausman & Sosa, LLP

26  18757 Burbank Boulevard, Suite 305
    Tarzana, CA 91356-6329

27  (818) 654-9000; FAX (818) 654-9050
    Attorneys for Defendant

28  INDEMNITY COMPANY OF CALIFORNIA

1  The Court finds that each party was represented by lead

2 trial counsel responsible for trial of this matter and was given

3 an opportunity to be heard as to all matters encompassed by this

4 Case Management Statement and Proposed Order filed prior to the

5 conference.  The Court adopts this statement as modified and

6 enters it as the order of this court pursuant to Civ.L.R. 16-

7 8(b).  The CMC is CONTINUED to June 4, 2009 at 10:00 a.m.

8  IT IS SO ORDERED

9

10 Dated: _____    March 9, 2009

               _____

11               Hon. Maria-Elena James

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                          **PROOF OF SERVICE BY MAIL**

3       I am a resident of the County of San Francisco, California.

4   I am over the age of eighteen years and not a party to this

5   action.  My business address is Katzenbach & Khtikian, 1714

6   Stockton Street, Suite 300, San Francisco, California 94133.  On

7   February 27, 2009 I served a true copy of the foregoing document

8   described as:

9   **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**

10  by placing a true copy thereof enclosed in a sealed envelope with

11  first class mail postage thereon fully prepaid in the United

12  States Mail at San Francisco, California, addressed as follows:

13  Steven Lozano
    Lozano Tile, Inc.
14  124 Troy Court
    Vacaville, CA 95688
15

16      I declare under penalty of perjury that the foregoing is

17  true and correct, and that this declaration was executed on March

18  5, 2009 in San Francisco, California.

19

20                               ___/s/ Alex Brown___

21                                  ALEX BROWN

22

23

24

25

26

27

28